DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1903.

---

## North German Lloyd Steamship Company v. Fred F. Bullen.

### Gen. No. 10,858.

1. COMMON CARRIER—*liability of, for baggage destroyed by fire.* A transatlantic steamship company is liable as a common carrier for the loss of baggage destroyed by fire which, pursuant to the advice of its agent, has been sent by the prospective passenger in advance of the time of expected passage and which has been received by such company at its docks in advance of such time and is there kept, and, for its own convenience, is not immediately placed upon the steamship upon which passage was to be taken, and is destroyed while upon such docks.

Action of assumpsit instituted before a justice of the peace to recover for the alleged loss of wearing apparel. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed December 18, 1903.

WALTHER & LANAGHEN, for appellant.

EDMUND S. CUMMINGS, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a suit brought originally before a justice of the peace, from whose judgment an appeal was taken to the Circuit Court. Upon the trial there, a verdict and judg-

(426)

ment were rendered in favor of appellee, from which comes this appeal.

The suit was brought to recover for the loss of certain wearing apparel claimed to have been delivered to appellant in a trunk as baggage for transporation on board of one of its steamships from New York City to Southampton, England. Appellee purchased in Chicago two tickets for the use of his wife and daughter entitling them to a stateroom and passage on the steamer Kaiser Wilhelm der Grosse sailing July 3, 1900. The agent through whom the tickets were purchased delivered with them tags to be put upon the baggage, to indicate what was to be placed in the stateroom for use upon the voyage, and what was not required to be so used and was to be placed in the hold of the ship. The agent told appellee that baggage so marked for delivery in the stateroom, and sent direct to the appellant company would be placed in her stateroom, where she would find it, and that it would be advisable to forward it a few days in advance of the time of sailing. The trunk in controversy was so tagged and was checked to New York, where it arrived the evening of June 27, 1900. By direction of appellee's wife, it was delivered at the docks of the appellant at Hoboken, some time before the evening of June 30, when it was lost in the fire which destroyed appellant's docks.

There is no controversy in respect to the material facts. It is contended that as the baggage was delivered to appellant five days before the time for sailing and two days before it was destroyed by fire it was held in storage, and that appellant was not liable as a common carrier for the loss, nor for the damages.

The evidence tends to show that the trunk in question was sent to appellant in accordance with the advice and direction of its agent who delivered the tags furnished by the company for the purpose. It was in accordance with this advice and direction that the baggage was sent over and delivered in advance of the time of sailing. There were in this case no further acts or instructions required of appel-

lee before putting the trunks in the stateroom on board the ship. The delay in putting it on board was for the convenience of appellant, not of appellee. The stateroom was its immediate destination, and there, as the event shows, it would have been safe from the fire in which it was lost, and there appellant had undertaken to deliver it in the usual course of business. It was in appellant's hands, not for storage on its docks, but for delivery in the stateroom on board its own ship. It is not a case, therefore, where the goods were delayed for the convenience of the owner and where the duty of immediate transportation had not arisen at the time of the loss as in Watts v. Boston & L. R. Co., 106 Mass. 466, and O'Neil v. N. Y. C. & H. R. Co., 60 N. Y. 138, and other similar cases cited by appellant, where the goods had been delivered to the carriers to await further orders from the shippers, and were, therefore, held to be in the carriers' custody only as warehousemen. As is said in Barron v. Eldredge, 100 Mass. 455, 458, "If, without putting them in transit, the carrier for his own temporary convenience places them in store, still the liability of a carrier attaches."

Finding no error, the judgment of the Circuit Court must be affirmed.

*Affirmed.*